FILED
2020 Feb-12 PM 12:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JOANN WAID, LENNIS L. WAID, et al., ) | |
| ) | |
|    Appellants, ) | |
| ) | |
| v. ) | Case No. 2:19-CV-00647-KOB |
| ) | |
| MISSION COAL COMPANY, LLC, et al., ) | |
| ) | |
|    Appellees. ) | |

## MEMORANDUM OPINION

This matter comes before the court on Defendant/Debtor Mission Coal Company, LLC's and its debtor affiliates' (collectively "Mission Coal") motion to dismiss. (Doc. 27.) This case originated in Bankruptcy Court, where Mission Coal filed for Chapter 11 bankruptcy. On April 15, 2019, the Bankruptcy Court entered an order approving the sale of Mission Coal's assets, free and clear of claims, liens, interests, and encumbrances. (Doc. 1-2). That same day, the Bankruptcy Court also entered an order confirming the Fourth Amended Chapter 11 Plan of Mission Coal. (Doc. 1-3.) Appellants JoAnn and Lennis L. Waid appealed to this court regarding both of the Bankruptcy Court's orders on April 30, 2019. (Doc. 1.) Mission Coal filed the instant motion on July 25, 2019, and both sides briefed the court on the pertinent issues of the case. (Docs. 31, 32.) For the reasons explained below, the court **WILL GRANT** Mission Coal's motion to dismiss the Waid Claimants' appeal.

   **I. Background**

Because the court already recounted the relevant facts of the case in a previous memorandum opinion regarding the Waid Claimants' motion to stay (Doc. 24), an in-depth

factual restatement is not necessary here. To briefly summarize, on April 12, 2017, Mission Coal and the Waid Claimants entered into a settlement agreement, pursuant to a state-court action, in which Mission Coal agreed to make monthly payments totaling $4,250,000.00 in return for a series of conditional, revocable easements that allowed Mission Coal to release airborne contaminants onto the Waid Claimants' property. (Doc. 5 at 5.)

On October 14, 2018, Mission Coal voluntarily filed for Chapter 11 bankruptcy. (Br. Doc. 1).[1] During 2018, Mission Coal failed to make payments totaling at least $320,059.03 to the Waids. According to the terms of the settlement agreement, Mission Coal should have paid the Waid Claimants $1,320,059.03 by December 31, 2019, but Mission Coal has apparently failed to do so. (Doc. 5 at 6.)

On April 15, 2019, the Bankruptcy Court entered the Sale Order authorizing the sale of nearly all of Mission Coal's assets to Murray Metallurgical Coal Holdings, LLC and its affiliates. This sale included the sale of the easements on the Waid Claimants' land. The Bankruptcy Court also confirmed Mission Coal's Fourth Amended Joint Chapter 11 Plan.

On April 26, 2019, the Waid Claimants filed a notice of appeal from the Order Approving Sale and the Order Confirming the Fourth Amended Chapter 11 Plan. That same day, the Waid Claimants also filed a non-emergency motion in the Bankruptcy Court seeking a stay of the orders pending the appeal.

On April 30, 2019, Mission Coal closed the sale to Murray. Pursuant to the sale agreement, Mission Coal sold its easements free and clear of all liens, claims, and encumbrances. Because the sale closed, the Plan Effective Date occurred on April 30, 2019. Additionally, the

---

[1] The court refers to docket entries in the corresponding bankruptcy case, Case No. 2:18-04177-TOM11, as "Br. Doc."

Waid Claimants filed a notice of appeal with this court on the same day: April 30, 2019. (Doc. 1.) On May 3, 2019, the transfer of the easements to Murray was recorded in the Probate Court of Jefferson County, Alabama.

On May 8, 2019, the Bankruptcy Court held a hearing on the motion to stay pending appeal. The Bankruptcy Court denied the motion, finding that (1) the Waid Claimants failed to show they were likely to succeed on the merits of their appeal; (2) the Waid Claimants failed to show that they would suffer irreparable harm without a stay; (3) the entry of a stay would be confusing and have no practical effect because the sale had been consummated; and (4) the public interest was best served by closing the sale and confirming the Plan. (Doc. 15-1 at 33–35.)

Following the Bankruptcy Court's denial of the motion to stay, the Waid Claimants on May 23, 2019 moved this court for a stay pending the appeal in this court. (Doc. 5.) The court denied the Waid Claimants' motion on July 24, 2019, finding—similarly to the Bankruptcy Court—that the Waid Claimants failed to demonstrate each of the four above-mentioned elements required to grant a stay. (Doc. 25.)

On July 25, 2019, Mission Coal filed the instant motion to dismiss, claiming the Waid Claimants' appeal is moot; Mission Coal simultaneously filed a motion to stay any briefing related to the merits of the appeal (*i.e.*, all non-mootness-related briefing) pending the resolution of the motion to dismiss. (Docs. 27, 28.) The court granted the motion to stay general briefing but solicited briefs concerning mootness only. (Docs. 29, 30.) The Waid Claimants and Mission Coal filed briefs with the court on August 16, and August 29, 2019, respectively. (Docs. 31, 32.)

**II. Standard of Review**

This court has jurisdiction over the Waid Claimants' appeal pursuant to 28 U.S.C. § 158(a). When operating in an appellate capacity under § 158(a), district courts review

bankruptcy courts' factual determinations under a clearly erroneous standard and review bankruptcy courts' determinations of law *de novo*. *In re Sublett*, 895 F.2d 1381, 1383 (11th Cir. 1990); *In re Thomas*, 883 F.2d 991, 994 (11th Cir. 1989). "[T]he district court . . . is [not] authorized to make independent factual findings; that is the function of the bankruptcy court." *In re Sublett*, 895 F.2d at 1384.

### III. Discussion

The Waid Claimants appeal the Bankruptcy Court's orders that confirm Mission Coal's Chapter 11 Bankruptcy plan and approve the sale of Mission Coal's assets to Murray. (Doc. 1 at 1.) The Waid Claimants' appeal includes numerous jurisdiction-related arguments concerning *res judicata*, the full faith and credit clause of the United States Constitution, collateral estoppel, and the *Rooker-Feldman* doctrine, as well as substantive arguments pursuant to Chapter 11 of the United States Code, the Fifth Amendment to the United States Constitution, and common law contract principles. (Doc. 20 at 1–7, 22–47.)

Mission Coal's succinct, seven-paragraph motion to dismiss, however, addresses none of these issues; it instead asks the court to dismiss the Waid Claimants' appeal on statutory mootness and equitable mootness grounds.[2] (Doc. 27 at 1–5.) Statutory mootness derives from § 363(m) of the Bankruptcy Code:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

---

[2] Because the Waid Claimants' appeal is statutorily moot, as explained below, the court need not address whether the appeal is also equitably moot.

Pursuant to this provision, if an appellant does not obtain a stay pending appeal of the contested sale, the district court may not consider any of the appellant's other contentions. In other words, an appellant's failure to procure a stay is a non-starter for all other arguments—even jurisdiction-related arguments. *See In re Charter Co.*, 829 F.2d 1054, 1055–56 (11th Cir. 1987) (declining on appeal to address the bankruptcy court's "authority to act at all" or the "propriety of the bankruptcy court's actions" because § 363(m) "states a flat rule" that moots appeals if the underlying sale is not stayed). *See also Ginther v. Ginther Trs.*, 238 F.3d 686, 689 (5th Cir. 2001) ("[F]ailure to obtain a stay is fatal to a challenge of a bankruptcy court's authorization of the sale of property, notwithstanding any questions as to that court's jurisdiction"); *In re Sax*, 796 F.2d 994, 998 (7th Cir. 1986) ("The appellants raise the jurisdictional argument as if it somehow negates or excuses their failure to obtain a stay. It does not. This appeal is moot because [the appellants] failed to obtain a stay, so we cannot reach the question of whether the bankruptcy court had jurisdiction.").

In this case, the "flat rule" applies because the Waid Claimants did not obtain a stay pending the appeal of the sale. *See In re Charter Co.*, 829 F.2d at 1056. The Waid Claimants' appeal is, therefore, statutorily moot.

In some jurisdictions, a possible exception to § 363(m)'s bright-line rule arises when the appellant challenges whether the purchaser acted in good faith. The Waid Claimants now raise this issue and argue that Murray was not a *bona fide* purchaser of Mission Coal's assets. (Doc. 20 at 33–36.)

Various courts have held that "section 363(m) 'limits appellate jurisdiction over an unstayed sale order issued by a bankruptcy court to the narrow issue of whether the property was sold to a good faith purchaser.'" *In re Cooper*, 592 B.R. 469, 478 (S.D.N.Y. 2018) (quoting *In re*

*Motors Liquidation Co.*, 428 B.R. 43, 53 (S.D.N.Y. 2010)); *see also* James Lockhart, *Construction and Application of 11 U.S.C. § 363(m), Protecting Good Faith Purchaser or Lessee Under Bankruptcy Code—Status as "Good Faith" Purchaser or Lessee*, 51 A.L.R. Fed. 2d 471 Art. 2 § 4 (2010) (citing cases from the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Circuits that held that an appeal is *not* moot under § 363(m) "insofar as the appeal seeks to challenge the good faith status of the purchaser or lessee").

The Eleventh Circuit has remained mostly quiet on the issue of whether an appellant who fails to obtain a stay pending appeal, pursuant to section 363(m), may later challenge the *bona fide* status of the purchaser. The clearest indication on the matter from the Eleventh Circuit comes from *MacNeal v. Equinamics, Corp.*, 308 F. App'x 311, 316 (11th Cir. 2009), where the Circuit Court appears to have held that because the bankruptcy court did not grant the appellant a stay, the circuit court would *not* address the issue of whether the purchaser acted in good faith:

> "[The appellant] did not obtain a stay of the sale of his claims, and his arguments that [the purchaser] is not a *bona fide* purchaser and that the claims are not part of the bankruptcy estate challenge the validity of the sale. Because section 363(m) prevents an appellate court from granting effective relief if a sale is not stayed, the failure to obtain a stay rendered [the appellant's] appeal moot."

*Id.* (internal citation omitted).

But even assuming, *arguendo*, that the court may entertain a *bona fide* purchaser argument in the absence of a stay, courts widely recognize that "a challenge to the purchaser's good-faith status . . . may not be raised for the first time on appeal to the district court.'" *In re Ondova Ltd. Co.*, 620 F. App'x 290, 292 (5th Cir. 2015) (quotations omitted.) *See Worldwide Web Sys., Inc. v. Feltman*, 328 F.3d 1291, 1299 (11th Cir. 2003) ("[B]ecause [appellant] did not raise this issue in his . . . motion to the bankruptcy court, sitting as a trial court, he waived it and we will not address it on appeal"); *Ginther v. Ginther Trs.*, 238 F.3d 686, 689 (5th Cir. 2001)

(affirming the district court's dismissal of an appellant's claim as moot under § 363(m) because the appellants neither obtained a stay nor raised the good-faith purchaser issue at the bankruptcy court. "It is well established that we do not consider arguments or claims not presented to the bankruptcy court.")

Here, the Waid Claimants appear to have raised this argument for the first time in their reply brief to their motion to stay pending appeal before the Bankruptcy Court. (Br. Doc. 1399.) The Waid Claimants failed to raise this argument before the Order Approving Sale or before the sale was consummated. The argument first appears in a reply brief filed in the Bankruptcy Court more than a week after the Waid Claimants filed their notice of appeal in this court. (*Id.*) As such, they waived their argument regarding whether Murray is a good faith purchaser.

The Bankruptcy Court expressly determined in its Order Approving Sale that Murray was a good faith purchaser. (Doc. 1-2 at 7–8, 27.) Thus, Murray "is entitled to all of the protections afforded by the Bankruptcy Code section 363(m)." (*Id.* at 27.) Because the Waid Claimants waived the argument regarding Murray's *bona fide* purchaser status, the court will accept the Bankruptcy Court's determination that Murray was a good faith purchaser.

**Conclusion**

Because the Waid Claimants failed to obtain a stay pending appeal regarding the sale of Mission Coal's assets to Murray, the court finds that the appeal is moot and will **GRANT** Mission Coal's motion to dismiss. (Doc. 27.) The court will **DISSMISS** the Waid Claimants' appeal (Doc. 1) with prejudice and will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this 12th day of February, 2020.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE